UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA STAAKE,

        Petitioner,

-vs-                                                  Case No. 5:07-cv-189-Oc-10GRJ

UNITED STATES OF AMERICA,

        Respondent.

**O R D E R**

This case is before the Court for consideration of Petitioner Pamela Staake's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1). The motion is due to be dismissed as untimely.

**Background**

On January 25, 2006, the Court entered judgment against the Petitioner following her plea of guilty, and sentenced her to 136 months imprisonment. On February 8, 2006, the Plaintiff's sentence became final because she had not filed a notice of appeal.

On May 19, 2006, the Petitioner filed a notice of appeal (Doc. 275). On July 6, 2006, the Eleventh Circuit issued sua sponte a limited remand (Doc. 282) "to the district court for a factual finding as to whether the notice was deposited with prison officials for forwarding in accordance with the time requirements of Fed.R.App.P. 4(b) and (c)." After referral, the Magistrate Judge issued a report (Doc. 293) recommending that the Eleventh Circuit be advised that the Petitioner's notice of appeal was delivered to prison officials for forwarding on May 15, 2006, 110 days after the entry of judgment. The Court entered an order (Doc.

294) adopting the Magistrate Judge's report and recommendations, and finding that: "The Defendant's notice of appeal was untimely, since it was filed more than forty (40) days after the entry of judgment, and the Court need not examine the reasons for the untimely filing." Accordingly, on October 19, 2006, the Eleventh Circuit entered an order (Doc. 295) dismissing the Petitioner's appeal because she untimely filed her notice of appeal. On May 9, 2007, the Petitioner filed the § 2255 motion now under consideration.

## Discussion

A one-year period of limitation applies to a § 2255 motion, and that period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4).

It is clear from the motion and the files and records of this case that the Petitioner filed her motion outside of that one-year limitation period. The Petitioner's judgment of conviction became final when the time for filing a direct appeal expired. See Atkins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). The time for filing a direct appeal expired ten days after the written judgment of conviction was entered on the criminal

docket.  See Fed. R. App. P. 4(b)(1)(A)(i).  Thus, the Petitioner's sentence became final on February 8, 2006.  As such, the Petitioner's § 2255 motion filed on May 9, 2007 is untimely.

In addition, the Court finds that the Petitioner's untimely notice of appeal did not toll the one-year limitation period.  Indeed, the Petitioner's untimely filed notice of appeal did not alter the finality of her conviction, which became final ten days after the written judgment of conviction was entered on the criminal docket.  See Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Jackson, 205 F. Supp. 2d 876, 880 (W.D. Tenn. 2002) (finding that a petitioner's untimely notice of appeal did toll the running of § 2255's limitation period).  Further, in finding that the untimely notice of appeal in this case did not toll the limitation period of § 2255, the Court is effectuating the Eleventh Circuit's directive to be cautious not to create a loophole in that limitation period.  See, e.g., Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) ("Since the Court has upheld the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state, through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 petitioner's appellate issues not to create a loophole which is contrary to the legislative intent of insuring a greater degree of finality.") (citations and quotations omitted).

## Conclusion

Accordingly, upon due consideration, Petitioner Pamela Staake's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DISMISSED with prejudice. The Clerk is directed to enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of July, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record